IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MARIO LUCERO CHAVEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-00210-KC-ATB** |
| | § | |
| **EFRAIN A CARILLO,** | § | |
| **Defendant.** | § | |

**<u>ORDER</u>**

On this day, the Court considered "Defendant Officer Efrain Carillo's Motion for Extension of Time to File His Rule 12 Motions in Response to Plaintiff's Complaint" filed July 27, 2022. (ECF No. 22). The case was assigned to United States District Judge Kathleen Cardone and was referred to this Court pursuant to the Standing Order referring prisoner civil rights cases to United States Magistrate Judges.

On June 30, 2022, this Court granted what the Court construed as Plaintiff's application to proceed *in forma pauperis* and directed Marshal service. (ECF No. 7, p. 2). On July 1, 2022, a Summons was served on Officer Lt. Franco in place of Defendant (ECF No. 12), and thus, Defendant's responsive pleading was due on July 22, 2022. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). However, Defendant did not file a responsive pleading or motion to dismiss until July 27, 2022. (ECF No. 20). Therefore, Defendant's motion was marked as deficient for being filed untimely. *See* (ECF No. 21).

In his instant Motion, Defendant states that "[c]ounsel for Defendant believed that the Summons was served on Defendant on July 7, 2022," since Defendant's counsel "received a stamped copy [of the Summons] which was received by the City Attorney's office on July 7, 2022." (*Id.* at p. 1). Therefore, Defendant's counsel believed the deadline to file his responsive

pleading was July 28, 2022.  Accordingly, Defendant requests that the "deadline to file [his] Rule 12 motions [be] extended until July 28, 2022."  (*Id.* at p. 2).

Furthermore, Defendant states that since "Plaintiff is pro se and is currently incarcerated, Counsel for the Defendant cannot reach the Plaintiff for his position on this motion."  (*Id.*).

Rule 7(g) of the Local Court Rules of the United States District Court for the Western District of Texas states, in relevant part, that "[t]he court *may* refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a *good-faith attempt* to resolve the matter by agreement and certifies the specific reason that no agreement could be made." W.D. Tex. Civ. R. 7(g) (emphasis added).

Here, the Court finds that Defendants have not made a good-faith attempt to resolve the matter by agreement.  In fact, the Court notes that Defendants have not made any attempt to confer with Plaintiff regarding the Motion.  Further, the Court finds that Defendant's position that since "Plaintiff is pro se and is currently incarcerated, Counsel for the Defendant cannot reach the Plaintiff for his position on this motion," is without merit and that Defendant's obligation to attempt to confer in good faith has not been met.  Additionally, the Court finds that Defendant fails to provide any support for the proposition that represented parties have no obligations to confer with *pro se* parties who are incarcerated.

Moreover, the Court also notes that, although Defendant's deadline to answer was July 22, 2022, Plaintiff has not yet filed for default judgment.  Further, denial of Defendant's Motion would again technically place Defendant in default.  The Fifth Circuit has previously held that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207,

212 (5th Cir. 1996)).  Furthermore, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)).

In sum, considering the interests of justice and the discretion provided to the Court in Local Rule 7(g), the Court finds that Defendant's Motion should be granted despite his failure to timely answer pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i) and his failure to confer with Plaintiff pursuant to Local Rule 7(g).

Accordingly, the Court **GRANTS** "Defendant Officer Efrain Carillo's Motion for Extension of Time to File His Rule 12 Motions in Response to Plaintiff's Complaint." (ECF No. 22).

**IT IS THEREFORE ORDERED** by the Court that Defendant **SHALL FILE** his answer or otherwise respond to Plaintiff's Complaint **on or before July 28, 2022**.

The Court **FURTHER ADMONISHES** Defendant that he must make a good-faith attempt to confer with Plaintiff on all future motions pursuant to Local Rule 7(g).

**SIGNED** and **ENTERED** this 27th day of July, 2022.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**