UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MARIO LUCERO CHAVEZ**, | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **EP-22-CV-00210-KC-ATB** |
| **EFRAIN A CARILLO**, *EPPD #02967,* | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION

Proceeding *in forma pauperis* and *pro se*, Plaintiff Mario Lucero Chavez brought this action. Pursuant to 28 U.S.C. § 636(b), Appendix C to this District's Local Rules, and this Division's "Standing Referral Order Re: Prisoner and Immigration Detainee Civil Rights Cases," the case was referred to the undersigned Magistrate Judge. Presently pending before the Court is Defendant Efrain A. Carillo's "Motion to Dismiss Plaintiff's Complaint and Brief in Support Thereof" (ECF No. 24) filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, the Court **RECOMMENDS** that the motion be **DENIED** in all respects.

### I.   BACKGROUND

**A.   Facts**[1]

On August 1, 2020, Carillo, an officer with the El Paso Police Department, "detained"

---

[1] The facts derive from Chavez's standard-form "Complaint for a Civil Case" (ECF No. 14) (hereinafter, "Complaint") and his Response to the Court's Questionnaires (ECF No. 13), and in this posture, they are taken as true. *Bowlby v. City of Aberdeen, Miss*., 681 F.3d 215, 219 (5th Cir. 2012). The questionnaires were issued pursuant to *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976), and *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 (1989). An *in forma pauperis* plaintiff's answers to such questionnaires "become[] a part of the total filing by the *pro se* applicant," and the Court may consider them on a Rule 12(b)(6) motion in "evaluat[ing] . . . the legal sufficiency of [his] claim." *Eason v. Holt*, 73 F.3d 600, 602–03 (5th Cir. 1996) (discussing questionnaires and *Spears* testimony).

Chavez at a parking lot of a shopping center in El Paso, Texas.[2]  Carillo told Chavez "to get on [his] knees."[3]  Chavez "got belly down with hands behind [his] back facing the floor."[4]  While Chavez was "on the floor," Carillo "started kick[ing] [Chavez] several times"[5] and "fractur[ed] [his] ribs."[6]  Carillo arrested Chavez,[7] apparently, in connection with charges of burglary and resisting arrest.[8]

Chavez sustained injuries, including broken ribs, that "resulted" from Carillo's conduct at the time of his arrest.[9]  He was taken to a local hospital for treatment.[10]  To date, he continues to experience chest pain, problems standing up and breathing, and difficulties with his spine and waist.[11]

---

[2] Pl.'s Resp. to Ct.'s Questionnaires at 3–4, ECF No. 13.

[3] *Id.* at 3.

[4] *Id.* (capitalizations omitted).

[5] *Id.* (same).

[6] *See* Sealed Attach. to Compl. at 1 (alleging that Carillo "abused his authority by kicking me and fracturing my ribs" (capitalizations omitted)), ECF No. 14-1.  Citations to Chavez's hand-written submissions, such as the sealed attachment to his Complaint, refer to the page numbers imprinted thereon by the Court's Case Management and Electronic Case Filing system.

[7] *See id.*; *see also* Pl.'s Resp. to Ct.'s Questionnaires at 4.

[8] *See* Sealed Attach. to Compl. at 1.

[9] Pl.'s Resp. to Def.'s Mot. to Dismiss, at 1 ("I can show prof [*sic*] and sustain paper work [*sic*] to show that I sustained injurys [*sic*] resulted from Officer Carillo the day of my arrest." (capitalizations omitted)), ECF No. 29; *see also* Sealed Attach. to Compl. at 1 (alleging that Carillo "abused his authority by kicking me and fracturing my ribs" (same)); Pl.'s Resp. to Ct.'s Questionnaires at 4.

[10] Pl.'s Resp. to Def.'s Mot. to Dismiss, at 2 ("I have factual prof [*sic*] of medical records to show that I was admitted at Providence West on Oregon St. where I was admitted incident that acccrd [*sic*] the day of my arrest." (capitalizations omitted)).

[11] Pl.'s Resp. to Ct.'s Questionnaires at 4.

**B. Procedural History**

On June 15, 2022, Chavez, proceeding *pro se*, brought this lawsuit against Carillo: On June 10, he mailed a standard-form Complaint from the El Paso County Jail Annex (EPCJA), and the Clerk's Office received the mail on June 15.  On June 17, the Court ordered Chavez to answer a list of questionnaires[12] as authorized by *Watson*[13] and *Spears*.[14]  On July 5, the Clerk's Office received his answers.  Pl.'s Resp. to Ct.'s Questionnaires, ECF No. 13.  The Court granted Chavez's motion to proceed *in forma* pauperis, Order, ECF No. 7, and his Complaint was docketed, Compl., ECF No. 14.  In his Complaint, Chavez seeks damages for broken ribs, and pain and suffering.[15]

On July 28, 2022, Carillo filed the instant motion to dismiss.[16]  Def.'s Mot. to Dismiss, ECF No 14.  After Chavez's deadline for submitting a response to the motion had lapsed,[17] the Court, on August 31, ordered him to show cause by September 16, 2022, why he failed to file a timely response to Carillo's motion.[18]  On September 9, the Clerk's Office received a hand-

---

[12] Order for Pl. to Provide Suppl. Information, ECF No. 2.

[13] 525 F.2d at 892, *supra*.

[14] 766 F.2d at 181–82, *supra*.

[15] Compl. at 4; Pl.'s Resp. to Ct.'s Questionnaires at 4.

[16] Carillo initially filed an untimely motion to dismiss on July 27, 2022.  Subsequently, the Court granted his motion for an extension of time and permitted him to file such a motion by July 28, 2022.  *See* Order, ECF No. 23.

[17] *See* W.D. Tex. Local Rule CV-7(d)(2) (providing that a response to a motion such as a motion to dismiss "shall be filed not later than 14 days after the filing of the motion").

[18] Order to Show Cause, ECF No. 27.  On September 12, 2022, the Clerk's Office received Chavez's response, dated September 6, 2022, to the Court's Order to Show Cause.  *See* ECF No. 29.

written response from Chavez which was mailed from the EPCJA on August 30.[19]  Pl.'s Resp.
to Def.'s Mot. to Dismiss, ECF No. 29.  Therein, Chavez states that he received a copy of the
motion on or about August 2, 2022, and in essence, opposes the motion.  *Id.* at 1, 3.  Carillo has
not filed a reply brief.

## II.   STANDARD

### A.   Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) "generally requires only a plausible short and
plain statement of the plaintiff's claim."  *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (cleaned
up).  A plausible complaint "does not need detailed factual allegations," *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 555 (2007), or "an exposition of [plaintiff's] legal argument," nor does
it need to "pin plaintiff's claim for relief to a precise legal theory," *Skinner*, 562 U.S. at 530.  A
complaint may survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)[20] if it
"pleads factual content that allows the court to draw the reasonable inference that the defendant
is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a Rule 12(b)(6) motion, the court "must accept all well-pleaded facts as true, draw all
inferences in favor of the nonmoving party, and view all facts and inferences in the light most
favorable to the nonmoving party."  *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir.

---

[19] Because Chavez is proceeding *pro se* and submitted his response from a jail, the Court
exercises its discretion and accepts his untimely response. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d
360, 367 (5th Cir. 1995) ("Under Fed. R. Civ. P. 6(b), the district court is granted broad discretion to
expand filing deadlines.").

[20] Rule 12(b)(6) allows a party to seek dismissal of a claim for "failure to state a claim upon
which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

2009).[21]  The court's task is "to determine whether the plaintiff has stated a legally cognizable

claim that is plausible, not to evaluate the plaintiff's likelihood of success."  *Doe* ex rel. *Magee v.*

*Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc).  "[A] well-pleaded

complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

improbable, and that a recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556

(cleaned up).

**B.  *Pro Se* Pleadings and Briefs**

Courts "must construe the pleadings of *pro se* litigants liberally."  *Andrade v. Gonzales*,

459 F.3d 538, 543 (5th Cir. 2006) (italics supplied).  Further, courts "'liberally construe briefs of

*pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties

represented by counsel.'"  *United States v. Reece*, 938 F.3d 630, 633 n.2 (5th Cir. 2019) (quoting

*Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam)).

### III.   DISCUSSION

By his motion, Carillo seeks dismissal of Chavez's Complaint on two grounds.  First, he

argues that the Complaint should be dismissed, pursuant to Rule 12(b)(1), for want of subject

matter jurisdiction.  Def.'s Mot. to Dismiss at 1–2.  Second, invoking the doctrine of qualified

immunity, Carillo contends that the Complaint should be dismissed, pursuant to Rule 12(b)(6),

because its allegations are insufficient to overcome his invocation of the doctrine.  *Id.* at 9–10.

Below, the Court addresses each in turn.

---

[21] *See also Ramirez v. Escajeda*, 921 F.3d 497, 501 (5th Cir. 2019) ("*Iqbal* does not allow us to
question the credibility of the facts pleaded . . . .  *Iqbal*, instead, tells us to assume the veracity of well-
pleaded factual allegations." (cleaned up)).

## A.  Subject Matter Jurisdiction

As mentioned, Chavez submitted a standard-form complaint as his Complaint.  Part II of the form asks, "What is the basis for federal court jurisdiction? (*check all that apply*)," and provides two options for an answer: "Federal question" and "Diversity of citizenship."  Compl. at 3.  Chavez checked the box next to "Diversity of citizenship."  *Id.*  Carillo contends that the Court lacks subject matter jurisdiction over Chavez's claim(s) because there is not complete diversity between Chavez and Carillo (both are Texas citizens).  *Id.* at 2.

Rule 8(a)(1) requires a complaint to state "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  Where a complaint is deficient in alleging proper jurisdiction, "the district court has a duty under Rule 8(a) . . . to read the complaint liberally and determine whether the facts set forth justify it in assuming jurisdiction *on grounds other than those pleaded*."  *Hildebrand v. Honeywell, Inc*., 622 F.2d 179, 181 (5th Cir. 1980) (emphasis added).  A "court may sustain jurisdiction when an examination of the entire complaint reveals a proper basis for assuming subject matter jurisdiction other than one that has been improperly asserted by the pleader or otherwise demonstrates that jurisdiction exists when the Rule 8(a)(1) allegation is defective in some regard."  5 Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 1206 (4th ed.).

Here, it appears that Chavez by mistake or due to his lack of legal expertise failed to check the box next to "Federal question" on his Complaint.  For example, immediately below the question on jurisdictional basis, he answered follow-up questions relating to both federal question and diversity jurisdictions—as if he is invoking both jurisdictions.[22]  Be that as it may,

---

[22] Question A states, "If the Basis for Jurisdiction Is a Federal Question . . . ," and Question B states, "If the Basis for Jurisdiction Is Diversity of Citizenship . . . ."  Compl. at 3.

construing his Complaint liberally, additionally because he is *pro se*, the Court finds that Chavez asserts, at a minimum, a Section 1983[23] claim for violations of the Fourth Amendment. *Cf. Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam) ("[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim."). As recounted earlier, the Complaint alleges that during Chavez's arrest, Carillo, a police officer, kicked Chavez and broke his ribs while he was on the floor, and Chavez seeks compensation for his injuries. These allegations sound in a Fourth Amendment Excessive Force claim. *Tucker v. City of Shreveport*, 998 F.3d 165, 171 (5th Cir. 2021) ("For purposes of liability under 42 U.S.C. § 1983, excessive force claims arising from an arrest or investigatory stop invoke the protection provided by the Fourth Amendment . . . against 'unreasonable seizure.'"). Indeed, Carillo acknowledges as much—as he argues in a latter portion of his motion that "Plaintiff's claim for excessive force against Officer Carillo is insufficient." Def.'s Mot. to Dismiss. at 9.

Consequently, the Court finds that it has subject matter jurisdiction—specifically, federal question jurisdiction—over Chavez's claim. The Court therefore recommends that Carillo's motion be denied as to this ground.

---

[23] Section 1983 provides, in relevant part:

> Every person who, under color of [law] . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution . . . , shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

28 U.S.C. §1983.

**B.  Pleading Sufficiency**

Carillo contends that Chavez's claim for excessive force is insufficient to overcome Carillo's invocation of the doctrine of qualified immunity.  Def.'s Mot. to Dismiss at 9–10. Specifically, Carillo argues that based on the extremely limited nature of Chavez's allegations, the Court cannot determine if Carillo's actions were unreasonable, *id.* at 9, and whether the alleged constitutional violation was clearly established, *see id.* (stating "the Court cannot decide that 'no reasonable officer could believe that act was lawful.'" (quoting *Darden v. City of Fort Worth, Tex.*, 880 F.3d 722, 727 (5th Cir. 2018))).  The Court disagrees.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Stanton v. Sims*, 571 U.S. 3, 5–6 (2013).  At the motion-to-dismiss stage, Carillo is entitled to qualified immunity unless Chavez has "alleged facts sufficient to plausibly show that (1) [Carillo's] conduct violated a constitutional right and (2) the constitutional right was clearly established at the time of the alleged misconduct." *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1163 (5th Cir. 2021).  "Section 1983 claims implicating qualified immunity are subject to the same Rule 8 pleading standard set forth in *Twombly* and *Iqbal* as all other claims."  *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020).[24]

*1.  Constitutional Violation*

As mentioned, Chavez's allegations sound in a Fourth Amendment Excessive Force claim.  To state a claim for excessive force, a plaintiff's complaint must sufficiently allege that

---

[24] In his brief, Carillo says that Chavez's Complaint "is insufficient as a matter of law as it fails to overcome . . . the *heightened pleading standard* required to sustain a cause of action under 28 U.S.C. §1983."  Def.'s Mot. to Dismiss at 10 (emphasis added).  The Fifth Circuit has made clear that "an assertion of qualified immunity in a defendant's answer or motion to dismiss does not subject the complaint to a heightened pleading standard."  *Arnold*, 979 F.3d at 267 (citing, among other cases, *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016)).

he "suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force was objectively unreasonable." *Westfall v. Luna*, 903 F.3d 534, 547 (5th Cir. 2018). "The second and third elements collapse into a single objective-reasonableness inquiry, guided by the following *Graham* factors: 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Peña v. City of Rio Grande City, Tex.*, 879 F.3d 613, 619 (5th Cir. 2018) (internal citation omitted) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Here, Chavez asserts that Carillo "kick[ed] [him] several times," Pl.'s Resp. to Ct.'s Questionnaires at 3–4, and "fractur[ed] [his] ribs," Sealed Attach. to Compl. at 1 (alleging that Carillo "Abused his authority By kicking me and fracturing my Ribs"); *see also* Compl. at 4 ("Ribs were Fractured, fractured Ribs are Painful[.]"). So, the first element of his Excessive Force claim is sufficiently pleaded.

As to the second and third elements, Chavez avers that his broken ribs resulted from Carillo's kicking. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 1 ("I can . . . show that I sustained injurys [*sic*] resulted from Officer Carillo the Day of my Arrest."); Sealed Attach. to Compl. at 1 (alleging that Carillo "Abused his authority By kicking me and fracturing my Ribs"); Pl.'s Resp. to Ct.'s Questionnaires at 4.

Further, Chavez alleges that when he was "detained," Carillo told him "to get on his knees"; Chavez "got Belly down with hands behind [his] Back facing the floor"; and while Chavez was "on the floor," Carillo "started kicking [him] several times." Pl.'s Resp. to Ct.'s Questionnaires at 3. These allegations, viewed in the light most favorable to Chavez and with all

inferences drawn therefrom in Chavez's favor, plausibly suggest that at the time Carillo was

kicking Chavez, he was compliant and was not resisting arrest or attempting to flee.

Therefore, on the facts alleged, the Court finds that Carillo's use of force in kicking

Chavez was excessive and objectively unreasonable.  *See Sam v. Richard*, 887 F.3d 710, 714 (5th

Cir. 2018) ("Although [plaintiff] initially ran, . . . he was lying face down on the ground with his

hands on his head when [police officer] kneed him in the hip and pushed him against a patrol car.

Such a use of force on a compliant suspect is excessive and unreasonable."); *Hanks v. Rogers*,

853 F.3d 738, 742-45 (5th Cir. 2017) (holding officer's use of force was excessive and

unreasonable where officer instructed plaintiff to "go to [his] knees" and to place his hands on

his head, the plaintiff complied by moving his hands to his back, the officer "administered a

blow to [his] upper back or neck," and the plaintiff suffered, among other injuries, "bruised

ribs"); *Hinson v. Martin*, 853 F. App'x 926, 932 (5th Cir. 2021) ("The second and third *Graham*

factors . . . indicate that [the deputy sheriff's] alleged decision . . .  to personally kick [plaintiff]

in the ribs after he was subdued was objectively unreasonable."); *Grimon v. Collins*, 30 F.3d

1491, 1994 WL 398014, at *1 (5th Cir. July 18, 1994) (unpublished table decision but

precedential under Fifth Cir. R. App. P. 47.5.3, which provides, "Unpublished opinions issued

before January 1, 1996, are precedent.") (concluding plaintiff's allegation—that defendants,

when they arrested him, repeatedly hit and kicked him without provocation, and caused injuries

to him requiring medical attention—created a genuine issue of material fact precluding summary

judgment).  The Court concludes that Chavez has alleged sufficient facts to plausibly show that

Carillo violated Chavez's Fourth Amendment right to be free from excessive force during a

seizure.

## 2.  *Clearly Established Right*

"'Clearly established' means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018) (internal quotes omitted).  "The salient question is whether the state of the law at the time of an incident provided 'fair warning' to the defendant[] that [his] alleged conduct was unconstitutional." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (cleaned up).  A right can be clearly established by an earlier "case where an officer acting under similar circumstances as [the defendant] was held to have violated the Fourth Amendment." *White v. Pauly*, 580 U.S. 73, 79 (2017).  This, however, does not mean that the earlier case must be "directly on point." *Hanks*, 853 F.3d at 746–47 (cleaned up).[25]  There can be "notable factual distinctions between the precedents relied on and the case[] then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights." *Hope v. Pelzer*, 536 U.S. 730, 740 (2002).

At the time of the alleged incident, August 1, 2020, it was clearly established in the Fifth Circuit that kicking a compliant suspect who is not actively resisting arrest or attempting to flee constitutes excessive use of force.  *See Sam*, 887 F.3d at 714 ("[I]t [i]s clearly established . . . that pushing, kneeing, and slapping a suspect who is neither fleeing nor resisting is excessive."); *Darden*, 880 F.3d at 733 ("[I]t [i]s clearly established that violently . . . striking a suspect who is not actively resisting arrest constitutes excessive use of force."); *Carroll v. Ellington*, 800 F.3d 154, 177 (5th Cir. 2015) ("The law [i]s clearly established . . . that, once a suspect has been handcuffed and subdued, and is no longer resisting, an officer's subsequent use of force is

---

[25] *See also Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful.").

excessive."); *see also Sam*, 887 F.3d at 714, *supra*; *Hanks*, 853 F.3d at 742-45, *supra*; *Grimon*, 30 F.3d 1491, 1994 WL 398014, at *1, *supra*.  So, Carillo had a fair warning that his conduct, as Chavez alleges, was unconstitutional.

In sum, on the facts alleged, the Court concludes that Chavez has "nudged" his Section 1983 "claim[] across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, and sufficiently pleaded facts that plausibly show that Carillo is not entitled to qualified immunity. At this juncture, a Fifth Circuit panel's concluding remarks on a motion to dismiss are apropos:

> We have only heard one side of the story.  After discovery is complete, the district court may well correctly determine that none of [the plaintiff's] claims can survive summary judgment.  But at the motion to dismiss stage, we are bound to accept his allegations as true.  And on the facts alleged, [the plaintiff] has stated several constitutional claims.

*Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017) (stating on review of a lower-court's rulings on a motion to dismiss § 1983 claims).

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's "Motion to Dismiss Plaintiff's Complaint and Brief in Support Thereof" (ECF No. 24) be **DENIED** in all respects.

So ORDERED and SIGNED this **23rd** day of January 2023.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**